UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XIOMARA F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-cv-05922-BAT <br><br> **ORDER REVERSING THE COMMISSIONER'S FINAL DECISION** |

Plaintiff appeals the AlJ's decision finding her not disabled. She contends the ALJ misevaluated the medical evidence, her testimony, the lay testimony, and her residual functional capacity. She also contends the case must be remanded because the ALJ who presided over her hearing was not properly appointed in violation of the United States Constitution. Dkt. 10. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Medical Evidence**

The ALJ found plaintiff's depressive disorder and anxiety disorder are medically determinable impairments but not severe because they do not cause more than minimal

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 1

limitations in her ability to perform basic mental work activities. Tr. 26. The ALJ rejected the three medical opinions finding otherwise.

Mayra Miro, Psy.D. examined plaintiff and opined plaintiff was impaired in "self-initiative and stamina," meeting regular job responsibilities and work demands of any job, and is likely not able to work in highly stressful work situations. Tr. 452. The ALJ rejected Dr. Miro's opinions finding them inconsistent with the longitudinal record and her own examination findings. *Id.* The ALJ did not specify how the longitudinal record contradicted the opinion. The assertion is thus a conclusory and invalid basis to reject a medical opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.1988) ("The ALJ must do more than offer his own conclusions.").

The ALJ did indicate Dr. Miro failed to account for plaintiffs "poor effort" on tests and tasks. Ostensibly the ALJ found this shows the doctor's findings are inconsistent with her opinions. Substantial evidence does not support the ALJ's determination. Dr. Miro noted plaintiff's poor effort, and stated plaintiff's "results were interpreted taking into consideration [of] emotional and motivational factors." Tr. 449. The record thus indicates Dr. Miro factored in the plaintiff's poor effort in assessing plaintiff's limitations.

The ALJ also rejected Dr. Miro's opinions as "largely based upon plaintiff's self-reports." Tr. 32. But the ALJ may not reject a psychiatric evaluation simply because of the apparent subjective nature of the report and the examining doctor's reliance on a patient's self reports. *See e.g. Buck v. Berryhill*, 869 F3d 1040 (9th Cir. 2017). Further Dr. Miro did not find plaintiff was malingering and the record does not show the doctor simply parroted back plaintiff's complaints in arriving at her opinions. Rather Dr, Miro made clinical observations such as plaintiff had "no impairment in articulation," but was labile, tearful, crying, and

dysphoric. Tr. 451. The ALJ accordingly erred. *See Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (ALJ errs in rejecting medical opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations.).

And lastly the ALJ rejected Dr. Miro's opinion because she examined plaintiff only once and did not review other records. Examining doctors typically examine a claimant only once. Hence the fact Dr. Miro examined plaintiff once is an invalid basis to reject her opinions. There is no requirement an examining doctor review records prior to rendering an opinion. Further if there is a medical record that undermines Dr. Miro's opinion, the ALJ should have pointed this out; she did not and thus there is no reasonable basis to conclude the lack of a records review is a basis to reject the opinion. The Court accordingly concludes the ALJ erred. The error is harmful because the RFC determination fails to account for all limitations assessed by Dr. Miro.

William Wilkinson, Ed.D. examined plaintiff and opined she was moderately limited in her ability to understand and persist in tasks; learn new tasks; perform without special supervision; be aware of hazards; communicate and perform effectively; and set realistic goals and plan independently. TR. 793. Dr. Wilkinson also found plaintiff was markedly limited in her ability to perform within a work schedule and maintain regular attendance; adapt to changes; and complete a normal work day and maintain appropriate behavior. *Id.*

The ALJ rejected Dr. Wilkinson's opinion as inconsistent with the longitudinal record. In specific the ALJ found plaintiff could attend her her medical appointments. Tr. 32. Attending medical appointments do not reasonably show plaintiff can perform the work functions Dr. Wilkinson found she could not perform. Otherwise no claimant, no matter how dysfunctional, ill, or impaired, who attended medical appointments could ever be deemed disabled.

The ALJ also rejected Dr. Wilkinson's opinions as too reliant on plaintiff's statements, based on a single examination, and rendered without examining other records. Tr. 32-33. This is the same line of reasoning the ALJ applied in rejecting Dr. Miro's opinions and for the reasons discussed above, the Court finds it erroneous. In sum, the Court concludes the ALJ erred. The error is harmful because the RFC determination fails to account for all limitations assessed by Dr. Wilkinson.

Reviewing doctor Renee Eisenhauer, Ph.D., agreed with Dr. Wilkinson's examination findings and opinions. The ALJ rejected her opinion on the grounds she did not fill out part of the review form. Tr. 33. Plaintiff notes, and the commissioner does not argue otherwise, that the ALJ simply made a mistake because the form is in the record, albeit, filed out of order. Dkt. 11 at 6 (citing pages 712, 787). The ALJ also rejected Dr. Eisenhauer's opinions for the reasons the Court noted above are erroneous.

The ALJ also rejected Dr. Eisenhauer's opinion because "she is not an expert in SSA-program psychological disability evaluation. Tr. 33. The ALJ must consider all relevant medical evidence. Dr. Eisenhauer's opinion is relevant and must be considered. There is no valid basis to reject her opinion simply because she is not an expert in "disability evaluation." Indeed, a world-renown doctor who has no expertise in SSA medical-legal disability evaluations can still provide an absolutely rock-solid opinion about a person's medical condition and impairments. The expertise associated with making medical-legal determinations does not undermine the doctor's medical expertise to render a medical opinion. Moreover, a medical opinion is what the ALJ seeks from a medical doctor. The ALJ does not seek a "disability" opinion because that is a legal determination  reserved to the ALJ. The Court accordingly concludes the ALJ erred and that the

error was harmful because the RFC determination fails to account for all limitations assessed by Dr. Eisenhauer.

**B.     Plaintiff's Testimony**

The ALJ discounted plaintiff's testimony for several reasons. The ALJ found plaintiff did not make many complaints in 2016 about her mental health and in 2017 when plaintiff did, she failed to engage in treatment. Tr. 30. However, the Ninth Circuit has observed "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. July 14, 2014) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.1996). Hence plaintiff's limited treatment and failure to engage in treatment are not valid grounds to reject her testimony.

The ALJ also observed plaintiff told her doctor she was hospitalized in 2016 for depression when she was admitted for a hypoglycemic event, traveled to Florida and claimed to have no hobbies but said she enjoyed gardening and made varying statements about her alcohol consumption. Tr. 30. While these observations raise questions about plaintiff's credibility, SSR 16-3p eliminates the use of the term "credibility" and instead focuses on an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work. These observations do not directly contradict the severity of plaintiff's claimed limitations and thus are not valid grounds to discount her testimony.

The ALJ further noted plaintiff said she was fired from her job due to panic attacks when her employer's termination letter stated she was fired by her unwillingness to follow company policies and adapt to changes in the industry. Tr. 29-31. It cannot be reasonably concluded plaintiff's claim of mental problems leading to discharge are contradicted by the employer's

1   letter. Plaintiff's employer stated plaintiff was "unwilling/unable to adapt," failed to follow
2   office procedure and "assumed" things; miscommunicated insurance quotes to a customer
3   creating much confusion; and displayed a lack of cooperation and inability to take criticism. Tr.
4   376-77. These are behavioral issues plaintiff alleged and which Dr. Wilkinson assessed in
5   opining plaintiff was limited in her ability to understand, persist in and learn new tasks; perform
6   without special supervision; communicate and perform effectively; set realistic goals and plan
7   independently; and adapt to changes and maintain appropriate behavior. These are the very
8   limitations plaintiff's employer discussed in firing plaintiff.

9       The Court accordingly concludes the ALJ erred by failing to provide "clear and
10   convincing" reasons supported by substantial evidence. *Morgan v. Commissioner of SSA*, 169
11   F.3d 595, 599 (9th Cir. 1999).

12  **C.   Lay Testimony**

13       Plaintiff argues the ALJ erred in rejecting the testimony of her daughter Christina. The
14   ALJ found Christina's testimony is not fully consistent with plaintiff's own reports. Specifically
15   the ALJ noted Christina stated plaintiff's mental health problems prevented her from driving
16   whereas plaintiff told her examining doctor she had driven herself to the examination. However,
17   this is not a case in which Christina's testimony describes plaintiff as far less functiuonal than
18   plaintiff herself claims. Rather, other than the one discrepancy noted by the ALJ, Christina's
19   testimony tracks plaintiff's testimony. Accordingly, the ALJ erred in relying on a single
20   discrepancy to reject the entirety of Christina's testimony.

21       Plaintiff also argues the ALJ erred by failing to discuss the observations of a SSA
22   interviewer who noted on one occasion plaintiff cried at the start but was able to complete the
23   interview and on another that she answered all questions while crying, and complained about her

1  worsening depression Tr. 314, 352. Plaintiff claims the ALJ erred because these observations

2  show plaintiff is more limited than the ALJ found. Dkt. 10 at 15. This conclusory statement does

3  not establish harmful error. By itself, the observations of the SSA interviewer do not establish

4  the level of limitation claimed by plaintiff. By itself, the Court could not conclude the ALJ

5  should have but failed to include a limitation in plaintiff's ability to work. The Court accordingly

6  declines to conclude the ALJ harmfully erred in not addressing the SSA interviewer's

7  observations.

8  **D.     Constututional Challenge**

9        Plaintiff contends the ALJ in this case was not "validly appointed pursuant to the

10 requirements set forth in the appointments clause of the U.S. Consitution, at the time she

11 conducted the hearings in this case, and that this constitutional violation need not be exhausted,

12 i.e., the violation is not waived by plaintiff's failure to present the issue in the proceedings

13 below. Dkt. 10 at 18-19. Although the argument is plausible and meritorious, the Court declines

14 to address it and applies the principle of constitutional avoidance because there are independent

15 grounds, discussed above, to reverse the Commissioner's final decision. *See e.g. Copeland v.*

16 *Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (Court of appeals declined to consider violation of the

17 Eleventh Amendment where matter could be resolved on other independent grounds.).

18       However, because this case is ordered remanded for further proceedings, the Court notes

19 in *Lucia v. S.E.C.*, 138 S.Ct. 2044, 2055 (2018), the Supreme Court held the appropriate remedy

20 for an adjudication tainted with an appointsments violation is a new hearing before a properly

21 appointed judge, and that the judge presiding over the new hearing cannot be the judge who

22 presided over the tainted adjudication.

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION - 7

## CONCLUSION

As discussed above, the ALJ harmfully erred in finding plaintiff not disabled. Plaintiff contends the Court should remand the case for an award of benefits. Remand for an award of benefits should be ordered only in the rare case in which the record is susceptible to no further development and no reasonably jurist would disagree that the claimant is disabled. This is not such as rare case as the opinions of numerous doctors and the testimony of plaintiff and her daughter must be reassessed and reweighed. These are tasks reserved to the Commissioner and the Court declines to take these tasks on appeal in the first instance. Accordingly, the Court orders the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, a new ALJ shall reassess plaintiff's testimony and the testimony of her daughter, Christina, reassess the opinions of Drs. Miro, Wilkinson and Eisenhauer, develop the record and redetermine plaintiff's RFC as needed and proceed to the remaing steps of the disability determination process as appropriate. To avoid any potential constitutional appointments clause issues, the ALJ who conducted the hearing below and issued the decision appealed in this case shall not on remand reassess this case. Rather a new and properly appointed ALJ shall conduct the new hearing and issue the decision.

DATED this 26th day of May, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge